## King Foods v. Erie Farms

*Ralph R. Riehl, III,* for plaintiff.
*Steven E. Riley, Jr.,* for defendant.

NYGAARD, *J.,* November 18, 1981—This lawsuit involves a priority dispute between a commercial seller wishing to reclaim goods sold by it to an insolvent buyer, and a lender with a perfected security interest in the buyer's inventory, including after-acquired goods. Both sides have moved for summary judgment, and as there are no factual issues to be resolved, the matter is ripe for decision. The motions may be considered together since both are based on the same question of law. It is apparently a case of first impression in Pennsylvania; the

outcome turns on an interpretation of the applicable provisions of the Uniform Commercial Code, 13 Pa.C.S.A. §1101 et seq.

The facts, as set forth in defendant's brief, reveal that:

"On February 10, 1975, plaintiff delivered to defendant Erie Farms, Inc. ("EFI")certain perishable frozen portion controlled meat products. The sale was on credit, and the plaintiff invoiced EFI in the amount of $17,592.03, the fair market value of the goods. As of the same date, defendant Security-Peoples Trust Co. ("SPTC") had a perfected security interest in the inventory and after acquired property of EFI. As of the date of the delivery to EFI, plaintiff was not aware of the fact that EFI was insolvent. On February 14, 1975, SPTC took possession of the inventory of EFI pursuant to the terms of its security agreement. On the same day, upon learning of EFI's insolvency for the first time, plaintiff notified EFI and SPTC that it intended to exercise its statutory right of reclamation. On February 19, 1975, plaintiff attempted to obtain possession of its goods, which efforts were resisted and refused by SPTC. The said goods were subsequently sold by SPTC, and it has retained the proceeds of the sale." (Brief of defendants at 1-2.)

Plaintiff finds an absolute authority to reclaim the goods in §2702(2) of the U.C.C. (13 Pa.C.S.A. §2702(b)) which states:

"Reclamation of goods on credit—Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation

does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fradulent or innocent misrepresentation of solvency or of intent to pay."

Defendant trust company claims precedence under §2702(3) (13 Pa.C.S.A. §2702(c));

"Limitations on right of reclamation—The right of the seller to reclaim under subsection (b) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this division (§2403). Successful reclamation of goods excludes all other remedies with respect to them."

It is not disputed that as an insolvent buyer, EFI had voidable title to the meat products, U.C.C. §2702 (comment 2), and could transfer good title to a good faith purchaser for value, U.C.C. §2-403(1). Plaintiff admits that if the trust company qualifies as a good faith purchaser for value under §2403 and 2702, its security interest takes priority over plaintiff's reclamation rights, but denies that defendant is such a creature. The three elements: "good faith," "purchaser," and "for value" will be dealt with in turn.

The first, good faith, can be passed over quickly, since there have been no allegations, and the court makes no findings of, bad faith.

As to the second, the code defines "purchaser" in §1-201 (32 and 33) as one who takes by "sale, discount, negotiation, pledge, lien, issue or re-issue, gift or any other voluntary transaction creating an interest in property." It is fairly well settled that this definition encompasses a holder of a security interest under Article Nine of the U.C.C. and that an Article Nine secured party is a purchaser who can, if otherwise qualified, take title under §2-403:

In re Hayward Woolen Co., 3 U.C.C. 1107 (1967). Matter of Samuels and Co. Inc., 526 F. 2d 1238 (5th Cir. 1976); Kennett-Murray and Co. v. Pawnee National Bank, 598 P. 2d 274, 278 (1979) (collecting cases). But see In Re American Food Purveyors, Inc., 17 U.C.C. 436 (1976).

It is plaintiff's contention, however, that the taking and selling of a debtor's inventory by a secured creditor is not a voluntary transaction on the part of the debtor. This being the case, it is argued, the transfer does not meet the code's definition of purchase, and it follows that the creditor cannot be a purchaser. As support, plaintiff cites Mazer v. Williams Brothers Co., 461 Pa. 587, 337 A. 2d 559 (1975), in which a debtor-creditor transaction was held to be involuntary, and the creditor found not to be a purchaser under the U.C.C. But the transfer in Mazer took place by means of a sheriff's sale following entry of judgment against the debtor. In this case, the transaction was pursuant to a prior agreement voluntarily entered into between the trust company and Erie Farms. It is the agreement to enter into the debtor-creditor relationship that determines the voluntariness of the parties' actions in this case, and not the "transaction" occuring when the trust company invoked its remedy and took possession of the collateral. A lender merchant relationship supported by a security interest that includes after-acquired inventory is a continuing one and contains within its scope the possibility of remedial action upon the default of the debtor. When Erie Farms voluntarily assented to the credit agreement with the trust company, it also voluntarily assented to the right of the latter to repossess collateral upon default.

Plaintiff also asserts that the trust company is not a purchaser since it never acquired title to the

frozen portion-controlled meat products. Plaintiff's argument is presented as follows:

"'SPTC' is not a purchaser for the additional reason that by exercising its right to sell the goods as per 9504, they (sic) concomitantly did not exercise their (sic) 9505 rights, and thus did not "take." Of course, one who does not take does not qualify as a purchaser.

"First, a secured party acting under §9504 acts as a sheriff. He sells the property and then distributes the proceeds. He does not acquire the property as he could under §9505. Secondly, the title conferred thereby is the title of the debtor. 9504 states that the sale is to a purchaser and is not by a purchaser. §9504 states that title moves from the debtor. By implication, the secured party did not purchase both by reason of the use of 'purchaser' in the section itself and by reason of the fact that the secured party does not in any way enter the chain of title.

"'SPTC' not having elected to retain the collateral, it did not take the collateral. All 'SPTC' did was hold the collateral for sale." (Plaintiff's brief at pp.3-4.)

This reasoning involves several errors. First, the secured party does not act as a sheriff. As explained above, it takes possession of collateral not through legal process, but by the terms of a private contractual agreement. Secondly, the authority of the creditor to acquire the collateral is not found in §9505 or in §9504, but in §9503. The former two sections only describe the creditor's rights and duties *after* repossession. The creditor may elect to sell the collateral under the conditions set out in §9504, or retain it in satisfaction of the debt under §9505(2), but in either case, by exercising the right to repossess, the creditor takes title to the goods.

Thirdly, the title passing to the party who purchases from the creditor is not that of the debtor. Section 9504(4) does state that "when collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein . . .," however, this means only that the debtor retains no rights against the third party who buys the repossessed collateral from the creditor. §9504 (comment 4). Lastly, the reference to the third party buyer as a "purchaser" in §9504(4) is only in connection with the sale to it of collateral by the creditor. It does not prevent the creditor from being a purchaser in its own right in regard to dealings with the debtor.

The court finds that the trust company falls within the U.C.C.'s definition of "purchaser."

There remains the element of value. In order to acquire title under §2403(1), a purchaser must have taken "for value." The Code provides that "a person gives value for rights if he acquires them . . . as security for or in total or partial satisfaction of a pre-existing claim. §1201(44)(b) (13 Pa.C.S.A. §1201). The extension of credit by the Trust Company to Erie Farms constitutes such a claim, and fulfills the third and final element required for good faith purchaser status.

As a secured creditor and good faith purchaser, the trust company could and did repossess and sell the goods of its debtor, Erie Farms, and its right to do so took priority over plaintiff-seller's right to reclaim. U.C.C. §2702(3) (13 Pa.C.S.A. §2702(c)).

This result does not, as plaintiff maintains, read §2702(3) out of the U.C.C. Sellers are not prevented from successfully exercising their reclamation rights when there are no prior perfected security interests, and the answer to plaintiff's objection that there will always be such interests is that the

440

seller is also free to take and perfect a purchase money security interest of its own in goods it sells to financially unstable buyers. U.C.C. §9312(3); House of Stainless v. Marshall and Ilsley Bank, 75 Wis. 2 264, 249 N.W. 2 (1977). The House of Stainless court saw this result "as entirely consistent with the overall purpose of the Uniform Commercial Code of allowing all parties to rely on filed security interests dealing with a debtor's property." 249 N.W. 2 at 565 (footnote omitted).

This court will follow the reasoning of Hayward and the other cases which hold that an Article Nine secured creditor is a good faith purchaser for value under §2403 and §2702 of the U.C.C., and takes priority over an unsecured seller attempting to reclaim goods from an insolvent buyer.

## ORDER

And now, November 19, 1981, the motion for summary judgment of plaintiff King Foods, Inc. is denied. The motion for summary judgment by defendants, Security Peoples Trust Company and Erie Farms, Inc. is granted.